Model Plan  
11/22/2013

Trustee: ☐ Marshall  ☐ Meyer  
■ Stearns  ☐ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: ) | Case No. **15-41068** |
| ) | |
| **Katie M Lindsey** ) | |
| ) | |
| Debtors. ) | Modified Chapter 13 Plan, dated 2/29/16 |

■    A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**Section A.**  
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **1**; (b) their ages are **61**; (c) total household monthly income is $ **3,570.90**; and (d) total monthly household expenses are $ **1,186.67**, leaving $ **2,384.23** available monthly for plan payments.

2. The debtor's Schedule J includes $ **N/A** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for **N/A** months prior to filing this case.

**Section B.**  
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Section C.**
*Direct payment of claims by debtor*

■ The debtor will make no direct payments to creditors holding prepetition claims. /or/
☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: **-NONE-**  , monthly payment, $ _____

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term.* The debtor will pay to the trustee $ **2,384.00** monthly for **60** months [and $ ___ monthly for an additional ___ months], for total payments, during the initial plan term, of $ **143,040.00** . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ■ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
☐ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at **5.00**% of plan payments; and during the initial plan term, totaling $ **7,152.00** . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ **0.00** . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

(a) Creditor: **Nationstar Mortgage LLC**       Collateral: **7944 S. Whipple Street Chicago, IL 60652 Cook County**

**Purchased in 1995 (Purchase Price $95,000)**
**Value Per Appraisal**
**PIN#: 19361020350000**

Amount of secured claim: $ __118,000.00__ APR __4.25__ %   Fixed monthly payment:$ __2,186.49__ ;
Total estimated payments, including interest, on the claim: $__131,189.27__. ☐ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ __131,189.27__ . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney*. Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ __0.00__ . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears*. Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
**-NONE-**

6. *Allowed priority claims other than those of the debtor's attorney*. Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ __4,000.00__ . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim*. A special class consisting of the following non-priority unsecured claim: __-NONE-__ shall be paid at __N/A__ % of the allowed amount. The total of all payments to this special class is estimated to be $__N/A__. [Enter this amount on Line 2g of Section H.]

Reason for the special class: __N/A__ .

8. *General unsecured claims (GUCs)*. All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ■ in full, /or/ ☐ to the extent possible from the payments set out in Section D, but not less than __N/A__ % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest*. ■ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___N/A___% [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
*Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.**
*Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)  $  143,040.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
   (a) Trustee's fees  $  7,152.00
   (b) Current mortgage payments  $  0.00
   (c) Payments of other allowed secured claims  $  131,189.27
   (d) Priority payments to debtor's attorney  $  0.00
   (e) Payments of mortgage arrears  $  0.00
   (f) Payments of non-attorney priority claims  $  4,000.00
   (g) Payments of specially classified unsecured claims  $  0.00
   (h) Total *[add Lines 2a through 2g]*  $  142,341.27

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]*  $  698.73

(4) Estimated payments required after initial plan term:
   (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a)  $  684.00
   (b) Minimum GUC payment percentage  100 %
   (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]*  $  684.00
   (d) Estimated interest payments on unsecured claims  $  0.00
   (e) Total of GUC and interest payments *[add Lines 4c and 4d]*  $  684.00
   (f) Payments available during initial term *[enter Line 3]*  $  698.73
   (g) Additional payments required *[subtract Line 4f from Line 4e]*  $  -14.73

(5) Additional payments available:
   (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee  $  N/A
   (b) Months in maximum plan term after initial term  N/A
   (c) Payments available *[multiply line 5a by line 5b]*  $  N/A

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

| | |
|---|---|
| **Section I.** *Payroll Control* | ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G. |

**Signatures**   **Debtor(s) [Sign only if not represented by an attorney]**

_____   _____   Date _____

**Debtor's Attorney**   /s/ Paul Bach   Date  February 29, 2016

*Attorney Information (name, address, telephone, etc.)*

> Paul Bach
> Sulaiman Law Group, Ltd.
> 900 Jorie Boulevard
> Suite 150
> Oak Brook, IL 60523
> 630-575-8181
> Fax: 630-575-8188

**Special Terms** *[as provided in Paragraph G]*

1. Debtors will pay off the secured first mortgage of Nationstar Mortgage, LLC at the full fair market value of $118,000.00 including interest of 4.25%, that the first mortgage of Nationnstar Mortgage, LLC shall be bifurcated into secured and unsecured status and that the allowed remaining unsecured portion of the first mortgage will be not paid as the unsecured portion was discharged in Chapter 7 case 12 B 05039.  Upon entry of discharge in this Chapter 13 case, Nationstar Mortgage, LLC its successors and assigns shall release its security interest and/or Mortgage in the property commonly known as 7944 S. Whipple Street, Chicago, Illinois 60652.

2. Debtor will pay post petition real estate taxes directly to the Cook County Treasurer.

**5**

United States Bankruptcy Court
Northern District of Illinois

In re:                                                              Case No. 15-41068-ABG
Katie M Lindsey                                                     Chapter 13
     Debtor

## CERTIFICATE OF NOTICE

District/off: 0752-1          User: froman              Page 1 of 2              Date Rcvd: Mar 01, 2016
                              Form ID: pdf003           Total Noticed: 23

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 03, 2016.
```
db             +Katie M Lindsey,    8226 S. Richmond Street,    Chicago, IL 60652-3414
24121776       +BMO Harris Bank N.A.,    PO BOX 2035,    Milwaukee, WI 53201-2035
23992217       +Codilis & Associates,    15W030 N. Frontage Road,    Burr Ridge, IL 60527-6921
23992218       +Codilis & Associates, P.C.,    15W030 N. Frontage Road, Suite 100,    Burr Ridge, IL 60527-6921
23992220       +Cook County Clerk,    69 W. Washington, Suite 500,    Chicago, IL 60602-3030
23992221       +Cook County State's Attorney,    69 W. Washington, Suite 3200,    Chicago, IL 60602-3174
23992223        Equifax Information Services, LLC,    1550 Peachtree Street NW,    Atlanta, GA 30309
23992224       +Experian Information Solutions, Inc.,    475 Anton Boulevard,    Costa Mesa, CA 92626-7037
23992226       +M&I Bank,    Attn: Bankruptcy,    770 N Water Street,    Milwaukee, WI 53202-3593
23992228      ++NATIONSTAR MORTGAGE LLC,    PO BOX 619096,    DALLAS TX 75261-9096
                (address filed with court: Nationstar Mortgage LLC,    Attn: Bankruptcy,    350 Highland Dr,
                  Lewisville, TX 75067)
24027273       +NATIONSTAR MORTGAGE LLC,,    c/o Codilis and Associates, P.C.,
                  15W030 North Frontage Road, Suite 100,    Burr Ridge, IL 60527-6921
23992227       +Nationstar Mortgage,    8950 Cypress Water Boulevard,    Coppell, TX 75019-4620
23992230       +Peoples Gas,    200 E Randolph Street,    20th Floor,    Chicago, IL 60601-6431
23992231       +Peoples Gas Light & Coke Company,    130 E. Randolph Street,    Chicago, IL 60601-6207
23992233       +Select Portfolio Servicing,    PO Box 65250,    Salt Lake City, UT 84165-0250
23992232        Select Portfolio Servicing,    3815 SW Temple,    Salt Lake City, UT 84165
23992237       +Trans Union LLC,    P.O. Box 2000,    Chester, PA 19022-2000
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
23992219       +E-mail/Text: rod.support@cookcountyil.gov Mar 02 2016 01:48:35     Cook County Clerk,
                  118 N. Clark Street,    Room 434,    Chicago, IL 60602-1413
23992222       +E-mail/Text: lbankruptcy@cookcountytreasurer.com Mar 02 2016 01:47:28
                  Cook County Treasurer's Office,    118 North Clark Street, Room 112,    Chicago, IL 60602-1590
23992225        E-mail/Text: cio.bncmail@irs.gov Mar 02 2016 01:46:03     Internal Revenue Service,
                  PO Box 7346,    Philadelphia, PA 19101-7346
23992234       +E-mail/PDF: gecsedi@recoverycorp.com Mar 02 2016 01:54:44     Synchrony Bank,   PO Box 530916,
                  Atlanta, GA 30353-0916
23992235       +E-mail/PDF: gecsedi@recoverycorp.com Mar 02 2016 01:54:13     Synchrony Bank,
                  c/o Recovery Management Systems Corp,    25 SE 2nd Avenue, Suite 1120,    Miami, FL 33131-1605
23992236       +E-mail/PDF: gecsedi@recoverycorp.com Mar 02 2016 01:40:19     Synchrony Bank/TJX,
                  Attn: Bankruptcy,    Po Box 103104,    Roswell, GA 30076-9104
                                                                                              TOTAL: 6
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
23992229*     ++NATIONSTAR MORTGAGE LLC,    PO BOX 619096,    DALLAS TX 75261-9096
                (address filed with court: Nationstar Mortgage LLC,    Attn: Bankruptcy,    350 Highland Drive,
                  Lewisville, TX 75067)
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 03, 2016                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 29, 2016 at the address(es) listed below:
```
              Joel P Fonferko    on behalf of Creditor    NATIONSTAR MORTGAGE LLC, ND-One@il.cslegal.com
              Marilyn O Marshall    courtdocs@chi13.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Paul M Bach    on behalf of Debtor 1 Katie M Lindsey ecfbach@gmail.com,
               ECFNotice@sulaimanlaw.com;Courtinfo@Sulaimanlaw.com;bkycourtinfo@gmail.com;Paul@BachOffices.com;m
               badwan@sulaimanlaw.com;bkycourtinfo@gmail.com;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexp
               ress.info
```

```
District/off: 0752-1           User: froman              Page 2 of 2              Date Rcvd: Mar 01, 2016
                               Form ID: pdf003           Total Noticed: 23
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
                                                                                        TOTAL: 4